Filed 5/10/21  P. v. Bibbs CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306566 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA022376-02) |
| v. | |
| CARL E. BIBBS II, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Carl E. Bibbs II, convicted of multiple serious felonies in 2006, appeals the superior court's order denying his postjudgment motion for recall of sentence and resentencing pursuant to Penal Code section 1170.91, subdivision (b).[1]  No arguable issues have been identified following review of the record by Bibbs's appointed appellate counsel.  We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Bibbs in his supplemental brief.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Bibbs's Conviction and Sentence*

Bibbs was convicted in 1996 following a jury trial of three counts of aggravated kidnapping (§§ 209, subd. (b), 209.5, subd. (a)), five counts of rape in concert (§ 264.1), four counts of rape with a foreign object (§ 289, subd. (a)), two counts of first degree robbery (§ 211), second degree robbery (§ 211), carjacking (§ 215, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), first degree burglary (§ 459) and grand theft of a vehicle (§ 487h, subd. (a)).  The jury also found true firearm enhancements for 13 of the counts.  The trial court sentenced Bibbs to three consecutive indeterminate life terms with the possibility of parole for the three aggravated kidnapping offenses plus a consecutive aggregate determinate term of 87 years on the remaining counts.  (Sentences on several of the charges were stayed pursuant to section 654.)[2]

---

[1]     Statutory references are to this code.

[2]     On May 10, 2019, at the request of the California Department of Corrections and Rehabilitation, the court ordered preparation of an amended abstract of judgment to reflect the

2

On May 3, 2019 Bibbs, representing himself, filed a motion in superior court for recall of sentence pursuant to section 1170.91. Bibbs cited Assembly Bill No. 865 (2017-2018 Reg. Sess.), which, effective January 1, 2019, extended to all individuals currently serving a sentence for a felony conviction the potential benefits of section 1170.91, which has since 2015 required courts to consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate sentence under section 1170, subdivision (b). Bibbs alleged he had served in the United States Army and the Army National Guard and attached service records indicating his periods of active and inactive duty. Bibbs requested appointment of counsel.

Bibbs's motion was assigned to the trial court that originally sentenced Bibbs in 1996, as required by section 1170.91, subdivision (b)(1). The court appointed counsel for Bibbs; acknowledged that, as an honorably discharged veteran, Bibbs was entitled to consideration under section 1170.91; and scheduled a hearing on the motion. After several continuances at the request of appointed counsel to permit him to prepare, the court held a hearing on the motion on November 21, 2019. Bibbs's counsel submitted on the court file. The court denied the motion, explaining, "I don't think the defendant is entitled to relief under 1170.91, and I do not award him relief under that statute. I don't think it was designed for someone in his position."

Bibbs filed a notice of appeal on January 21, 2020 that this court deemed timely.

_____

proper Penal Code sections with respect to Bibbs's multiple rape convictions.

# DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Bibbs on appeal. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Bibbs on January 7, 2021 that he had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider. We provided a similar notice to Bibbs on January 11, 2021.

On February 11, 2021 we received a three-page typed supplemental brief from Bibbs that argues prejudicial error occurred during this trial—matters not cognizable in his appeal from the order denying his motion for recall of sentence pursuant to section 1170.91—and contends his documented substance abuse while in the military is a mitigating factor that entitles him to reconsideration of the sentence imposed in 1996. Bibbs's argument for resentencing lacks merit.

Section 1170.91, subdivision (a), authorizes the court, when sentencing a felony defendant who is or was a member of the United States military, to consider as a factor in mitigation in imposing a determinate term sentence that the defendant "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service."

As amended by Assembly Bill No. 855, section 1170.91, subdivision (b)(1), provides, "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-

4

traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:  [¶]  (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.  [¶]  (B) The person was sentenced prior to January 1, 2015.  This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

Section 1170.91, subdivision (b)(3), which describes the hearing procedure for a veteran petitioning for recall of sentence, however, expressly provides, once the court determines the petitioner has satisfied the criteria in subdivision (b)(1), "the court may, in its discretion, resentence the person following a resentencing hearing."  That is, unlike some other ameliorative resentencing procedures recently enacted by the Legislature that mandate relief if the petitioner satisfies the relevant criteria, relief under section 1170.91 is within the discretion of the court. The superior court in this case, familiar with the evidence at trial, concluded Bibbs should not be granted relief.  Bibbs's supplemental brief, which simply refers to the fact of his substance abuse, fails to provide any basis upon which we could conclude that decision constituted an abuse of discretion.

Because no cognizable legal issues have been raised by Bibbs's appellate counsel or by Bibbs or identified in our independent review of the record, the order denying the

5

postjudgment motions is affirmed.  (See *People v. Cole, supra,* 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

6